UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
AT CHICAGO

| | | |
|---|---|---|
| **THERESE EZERSKI** | : | |
| 5873 Lake Resort Terrace, D202 | | |
| Chattanooga, TN 37415 | : | **CASE NO. 1:16-cv-2697** |
| **Plaintiff** | : | **JUDGE:** |
| vs. | : | **MAGISTRATE JUDGE:** |
| **KIRLINS, INC. LONG-TERM DISABILITY PLAN** | : | |
| 532 Maine St. | : | |
| Quincy, IL 62301 | | |
| | : | **COMPLAINT** |
| and | : | |
| | : | |
| **NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY** | | |
| PO Box 2177 | : | |
| Portland, OR 97208-2177 | | |
| | : | |
| **Defendants.** | | |

Now comes the Plaintiff, Therese Ezerski, by and through counsel, and for her Complaint hereby states as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of the Court is based upon the Employee Retirement Income Security Act of 1974 (ERISA) and, in particular, 29 U.S.C. § 1132(e)(1) and 1132(f). These statutory provisions give district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of Employee Welfare Benefit Plans. In this case, Plaintiff, Therese Ezerski, asserts a claim for group disability benefits available under a Plan provided for the employees of Kirlins, Inc. which is known as Kirlins, Inc.. Long-Term Disability Plan (hereinafter referred to as "the Plan"). The Plan and policy documents should be included in the Administrative Record that Defendants file with this Court. This action is also brought pursuant to 28 U.S.C. § 1331 which gives district court's jurisdiction over actions that arise under the laws of the United States.

2. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. Plaintiff has exhausted these avenues of appeal.

## NATURE OF ACTION

3. Plaintiff, Therese Ezerski, seeks an award of disability benefits, including disability income benefits, pursuant to an Employee Welfare Benefit Plan providing group disability benefits to employees of Kirlins, Inc. This action is brought pursuant to § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B). Plaintiff also seeks to enforce the right to future benefits and demand that Defendants account for past benefits and pay future benefits.

## THE PARTIES

4. Plaintiff is now disabled, but was an active employee under the Plan and eligible for benefits as a qualified employee when her medical condition deteriorated and she could no longer work. Plaintiff was an Ohio resident when the claim was initially denied. Plaintiff was employed by Kirlins, Inc., which is headquartered in Illinois.

5. At all times relevant hereto, the Kirlins, Inc. Long-Term Disability Plan constituted an "Employee Welfare Benefit Plan" as defined by 29 U.S.C. § 1002(1). Plaintiff became disabled while employed under the Plan and has coverage as a Plan participant as defined by 29 U.S.C. § 1002(7). This claim is for benefits under the foregoing Plan. Kirlins, Inc. is headquartered in Illinois. The Plan is sponsored by an Illinois Corporation for the benefit of employees in multiple states.

6. The Plan's "Claim Administration" is run by a Plan Fiduciary, which, upon information and belief, is The Northwestern Mutual Life Insurance Company (hereinafter "Northwestern"). The policy issued by Northwestern Mutual to Kirlins, Inc., to provide group disability benefits, was originally delivered in Illinois on October 1, 2007 and renewed up through the current day.

## STATEMENT OF FACTS

7. Plaintiff was a full time employee of Kirlins, Inc. and actively engaged in employment until March 25, 2013. At that time, she ceased working due to multiple

medical conditions, including, but not limited to, degenerative disc disease of the lumbar spine; sciatica; arthritis in knees and hands; neuropathy in the lower extremities and bilateral carpal tunnel syndrome. Due to her illness, Plaintiff has not engaged in any substantial gainful activity since March 25, 2013.
.

8. Plaintiff made an application for benefits upon her departure from work and short-term disability benefits were approved and paid for the time period of April 25, 2013 through June 22, 2013 (90 days).

9. Long-term disability benefits began on June 12, 2013 and were paid through June 22, 2015 for the inability to perform her job as a "Store Manager." Northwestern denied Plaintiff's continuing access to "any occupation" long-term disability benefits by letter dated April 24, 2015.

10. Prior to the denial of "any occupation" long-term disability benefits, on April 15, 2015, Northwestern hired Mark Shih, M.D. to review the file and prepare a peer review report.[1] Dr. Shih provided a brief summary of medical records and concluded, without an examination, that Plaintiff would be able to perform a sedentary occupation. Dr. Shih recommended that Northwestern send a questionnaire to detail limitations and restrictions to Dr. Verdon (Plaintiff's neurosurgeon), specifically with questions regarding light-level work capacity.

11. Plaintiff, through counsel submitted an appeal to Northwestern on October 7, 2015 by submitting an appeal letter, a Functional Capacity Evaluation (showing less than sedentary capacity), medical records, x-ray images and a vocational opinion report. (Appeal attached hereto as Exhibit A)

12. Upon receipt of Plaintiff's appeal, Northwestern's Physician Consultant Shirley B. Ingram, M.D., a Rheumatologist. In a report dated October 28, 2015, Dr. Ingram concludes that Ms. Ezerski would be capable of working a full-time sedentary occupation and that the FCE is, "invalidated by significant inconsistencies."

---

[1] Dr. Shih performed peer reviews in September 2013 and October 2014 and supported Ms. Ezerski's inability to perform her "own light occupation."

13. On January 7, 2016, Northwestern issued a second final denial of long-term disability benefits. This letter also advised Plaintiff that she had exhausted her administrative remedies.

## **CAUSE OF ACTION**

14. Plaintiff incorporates as if fully restated herein the allegations in paragraphs 1 through 13 of the Complaint.

15. Defendant Plan failed to exercise the statutorily required duty of care and prudence, failing to administer the Plan solely in the interests of the participants and beneficiaries as required under 29 U.S.C. § 1104(a)(1), and by denying benefits to the Plaintiff contrary to the law and terms of the Plan. The Plan, through its designated fiduciaries, has arbitrarily ignored and selectively reviewed documents Plaintiff has submitted and has failed to provide a full and fair review.

16. Defendant Northwestern has an inherent "conflict of interest" as it has a dual role as both evaluator and payor of benefit claims, which is to be considered as a factor in the review of any benefit determination.

17. While Defendant Northwestern, may have the authority to make claims determinations under applicable law and the language of the Policy, Northwestern's determinations as Plan Fiduciary are not entitled to deference and the review of any benefits determination must be made *de novo.*

18. *De novo* review is mandated in this case pursuant to 50 Ill. Admin code § 2001.3, which prevents any policy of disability to reserve discretion. This statute was effective July 1, 2005 and applies to contracts offered or issued in this state. This clause was not preempted by ERISA as decided by this court in *Ball v. Standard Ins. Co.*, Case No. 1:09-cv-03668, (NDIL, May 17, 2010, Magistrate Keys) and more recently by the Seventh Circuit Court of Appeals in *Fontaine v. Metropolitan Life Ins. Co.*, 800 F 3d 883 (7th Cir., 2015). Thus, a *de novo* review is mandated by clearly established law.

19. As a full *de novo* review of this decision and the evidence in the claim file is required by statute, this Court may not abrogate its duty to perform such a review.

Any failure to provide such a review would violate the US Constitution and deprive Plaintiff of constitutional rights, including under Article III and under principles of separation of powers, amongst others.

20. If the Court determines that an arbitrary and capricious standard of review applies to this case rather than a *de novo* standard, Northwestern's denial of benefits must be overturned due to the faulty evaluation, confusing methods and below market standards employed by Northwestern in the evaluation of evidence. Standards applicable under ERISA, including as enumerated by this Court, the Seventh Circuit Court of Appeals and the United States Supreme Court have been violated by Northwestern and an examination of the record reveals that Northwestern's decision to discontinue benefits is not the result of a reasoned process and that it is, therefore, arbitrary and capricious and incorrect.

21. Plaintiff has exhausted her administrative remedies and the Plan still wrongfully denies benefits to which she is entitled.

22. ERISA requires that an Employee Welfare Benefit Plan be established and maintained pursuant to a written instrument, 29 U.S.C. § 1192(a)(1).

23. The disability Plan under which the Plaintiff Therese Ezerski was a participant at the time of her disability should be included in the Administrative record filed with this Court as that document sets forth the criteria for benefits for the Plaintiff.

24. ERISA provides that an Employee Benefit Welfare Plan shall be established and maintained pursuant to 29 U.S.C. § 1192(a)(1). Under the terms of this Plan document, to be filed with the Administrative record, the termination of Plaintiff's benefits was clearly unreasonable and without basis.

25. Plaintiff is entitled to benefits and benefits are due and owing to Plaintiff from Defendants in an amount not yet ascertainable. Plaintiff seeks the payment of these benefits under 29 U.S.C. § 1132(a)(1).

**WHEREFORE**, Plaintiff, Therese Ezerski, prays for the following relief:

A. That the Court enter judgment in Plaintiff Ezerski's favor and against the Defendants and that the Court order the Defendants to account and pay disability income benefits to Plaintiff Ezerski in an amount equal to the contractual amount of benefits to which Ezerski is entitled;

B. That the Court order the Defendants to pay Ezerski's pre-judgment interest on all benefits that have accrued prior to the date of judgment and enter judgment accordingly and that the Court reserve jurisdiction to enforce the equitable decree;

C. That the Court declare Therese Ezerski's rights under the ERISA Plan, the ERISA statute, and the applicable insurance laws and order the Defendants to continue paying Plaintiff Ezerski's benefits until such time as the Court decides that she meets the policy conditions for discontinuance of benefits and that this declaration be perfected by an Order of this Court;

D. That the Court grant Plaintiff reasonable access to discovery including the depositions of claim representatives and medical personnel and discovery to support claimant's claims concerning Northwestern's relationship with the reviewing physicians used in this case;

E. That the Court award the Plaintiff her attorney fees pursuant to 29 U.S.C. § 1132(g) and;

F. That Plaintiff recovers any and all other relief to which she may be entitled, as well as the costs of the suit.

Dated this 1st day of March, 2016

Respectfully submitted,

*/s/ Joseph P. McDonald*

_____
Joseph P. McDonald (0055230)
McDonald & McDonald Co., L.P.A.
200 E. Spring Valley Rd., Suite A
Dayton, OH 45458
Tel: 937-428-9800; Fax: 937-428-9811
Email: joseph@mcdonaldandmcdonald.com